ORIGINAL

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| AVON SLAY GRADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV406-151 |
| | ) |
| OFFICER LOPEZ, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 on June 23, 2006, and the Court granted his motion to proceed *in forma pauperis* on July 5, 2006. Docs. 1, 3. Because plaintiff is proceeding *in forma pauperis*, he is entitled to have the United States Marshal effect service on defendant. See Fed. R. Civ. P. 4(c)(2); Fowler v. Jones, 899 F.2d 1088, 1094 (11th Cir. 1990). Therefore, following the Court's initial screening of plaintiff's complaint and determination that the complaint stated a colorable claim for relief under § 1983, the Court directed the Marshal to serve a copy of plaintiff's complaint on defendant at the address

plaintiff provided for him: Chatham County Jail, 1050 Carl Griffin Drive, Savannah, Georgia 31405. Doc. 8. The waiver of service request sent to defendant was subsequently returned unexecuted on November 2, 2006. Doc. 9. On March 8, 2007, the Court directed plaintiff to provide an address where defendant could be served within ten days. Doc. 10. Plaintiff has not responded to that Order.

"[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Rule 4 of the Federal Rules of Civil Procedure allows litigants 120 days to effect service upon a defendant. See Fed. R. Civ. P. 4(m). By virtue of his *in forma pauperis* status, plaintiff is entitled to have the Marshal effect service on defendant and he "should not be penalized for failure to effect service where such failure is not due to fault on [his] part." Fowler, 899 F.2d at 1095. If the failure to effect service in a timely manner is due to plaintiff's "inaction or dilatoriness," however, plaintiff should bear the consequences of that failure. See id. (citing Rochon v. Dawson, 828 F.2d 1107, 1110) (5th Cir. 1987)).

The period allotted for service of the complaint had already expired when the Court issued its March 8, 2007 Order directing plaintiff to provide a current address for defendant. But because plaintiff is proceeding *pro se*, the Court allowed him "one more opportunity" to provide a current address for defendant so that the Marshal could serve the complaint on defendant. Doc. 10. The Court also warned plaintiff that if he neglected to provide a current address for defendant, there would "be no doubt that the failure to effect service on defendant [would be] attributable solely to plaintiff's dilatory behavior and that dismissal of the complaint would be appropriate under Rule 4(m)." Id. Plaintiff, however, has failed to provide an address for defendant or to respond in any way to the Court's Order.

Rule 4(m) authorizes courts acting of their "own initiative after notice to the plaintiff" to dismiss a complaint for the plaintiff's failure to effect service within the proscribed time period. See Fed. R. Civ. P. 4(m). Although the Court explicitly provided notice to plaintiff of its intention to dismiss his complaint for failure to effect service, plaintiff has continued to neglect his obligation to provide the Court with an address where service can be effected upon defendant. Consequently, plaintiff's complaint should

be DISMISSED.

**SO REPORTED AND RECOMMENDED** this 27th day of March, 2007.

_____
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| AVON SLAY GRADY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )    Case No. CV406-151<br>) |
| OFFICER LOPEZ, | )<br>) |
| Defendant. | ) |

## ORDER

After a careful <u>de novo</u> review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this _____ day of _____, 2007.

_____
B. AVANT EDENFIELD
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

AVON SLAY GRADY, )
　　　　　　　　　　)
　　Plaintiff, )
　　　　　　　　　　)
v. ) Case No. CV406-151
　　　　　　　　　　)
OFFICER LOPEZ, )
　　　　　　　　　　)
　　Defendant. )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ____ day of _____, 2007.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　B. AVANT EDENFIELD
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE
　　　　　　　　　　　　　　　　　　SOUTHERN DISTRICT OF GEORGIA