FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 APR 25 AM 10: 52

CLERK_____
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

AVON GRADY

Plaintiff,

v.                                    406CV151

OFFICER LOPEZ,

Defendant.

## ORDER

42 U.S.C. § 1983 plaintiff Avon Grady brings this excessive-force action against defendant "Officer Lopez" of the Chatham County, Georgia jail, where Grady is incarcerated. Doc. # 1 at 5. Grady alleges that, while he was in a lock-down unit at the jail, he had his arm "out the tray flap when Officer Lopez of 2-D came and started ramming [Grady's] arm in the tray flap[,] causing [plaintiff] bodily damage to [his] left arm." *Id.*

Accepting this allegation as sufficient to state an excessive-force-based, § 1983 claim, the Magistrate Judge (MJ) granted Grady *in forma pauperis* and directed the Marshal to serve Lopez. Doc. # 3. As the MJ later noted:

> The Marshal promptly sent a request for a waiver of service to defendant at the address plaintiff provided: Chatham County Jail, 1050 Carl Griffin Drive, Savannah, Georgia 31405. That request was returned unexecuted, with a notation that the Marshal had contacted an official at the jail by telephone and learned that the jail formerly employed an individual named Lopez-Dino, but that he had resigned because of medical issues and did not leave a forwarding address. Doc. 9. The 120 days allowed to perfect service, *see* Fed.R.Civ.P. 4(m), has now expired, and plaintiff has failed to provide the Court with another address for defendant, despite being served with the unexecuted request for a waiver of service over four months ago.

Doc. # 10 at 2. Grady, the MJ reminded, "may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which plaintiff has knowledge." *Id.* (quoting *Fowler v. Jones*, 899 F.2d 1088, 1095 (11th Cir. 1990) (quotes and cite omitted)); *accord Salas v. Tillman*, 162 Fed.Appx. 918, 923 (11th Cir. 2006). The MJ then gave Grady one more chance to provide the Marshal with an address where Lopez might be served. *Id.* at 3. Otherwise, the MJ would recommend a F.R.Civ.P. 4(m) dismissal of Grady's case without prejudice. Doc. # 10 at 2.

The MJ took this last step in his Report and Recommendation (R&R). Doc. # 12. Grady has filed no Objection, but in a "note-paper filing" that arrived at the Clerk's office on the same day that the MJ filed his R&R, plaintiff complains that the Marshal "made a mistake by not serv[ing] a waiver of service [on] defendant on time and now [Lopez] has resigned and could not be reached, so it is not [plaintiff's] fault[. Grady thus] ask[s] the Court to help [him] locate the defendant[']s address." Doc. # 11.

The record shows otherwise. There was no opportunity to serve *anything* on Lopez-Dino because he no longer could be found at the address plaintiff supplied. "While the Court is responsible for assisting *pro se* litigants

proceeding in forma pauperis with service of process, the Court cannot meet this responsibility when a plaintiff fails to provide the Court with a valid address for a defendant." *Glenn v. Lambdin,* 2006 WL 2620268 at * 3 (M.D.Fla. 9/12/06) (unpublished).

Consequently, the Court *ADOPTS* the R&R and this case is *DISMISSED WITHOUT PREJUDICE* pursuant to Rule 4(m).

This 25 day of April, 2007.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA